UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Donald E. Schier, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 04-1031 |
| | ) | |
| Burlington Northern and Santa Fe | ) | |
| Railway Company, | ) | |
| Defendant | ) | |

**OPINION AND ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Defendant's motion for summary judgment (Doc. #31). As further explained below, the motion is granted.

**SUMMARY JUDGMENT GENERALLY**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

In ruling on a summary judgment motion, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. Waldridge v. American

Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.

The court is to examine all admissible facts, viewing the entirety of the record and accepting all facts and drawing all reasonable inferences in favor of the non-movant, Erdman v. City of Ft. Atkinson, 84 F.3d 960, 961 (7th Cir. 1996); Vukadinovich v. Bd. of Sch. Trustees, 978 F.2d 403, 408 (7th Cir. 1992), cert. denied, 510 U.S. 844 (1993); Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990); DeValk Lincoln-Mercury, Inc. V. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987); Bartman v. Allis Chalmers Corp., 799 F.2d 311, 312 (7th Cir. 1986), cert. denied, 479 U.S. 1092 (1987), and construing any doubts against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Trotter v. Anderson, 417 F.2d 1191 (7th Cir. 1969); Haefling v. United Parcel Serv., Inc., 169 F.3d 494, 497 (7th Cir.1999).

The existence of "some alleged factual dispute between the parties," or "some metaphysical doubt," however, does not create a genuine issue of fact. Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 532 (7th Cir.1999). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." McDonald v. Village of Winnetka, 371 F.3d 992, 1001 (7th Cir. 2004). The proper inquiry is whether a rational trier of fact could reasonably find for the party opposing the motion with respect to the particular issue. See, e.g., Jordan v. Summers, 205 F.3d 337, 342 (7th Cir.2000).

If the undisputed facts indicate that no reasonable jury could find for the party opposing the motion, then summary judgment must be granted. Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995), citing Anderson, 477 U.S. at 248. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party and on which that

party will bear the burden of proof at trial, then summary judgment is proper. Celotex, 477 U.S. at 322; Waldridge, 24 F.3d at 920.

## UNDISPUTED FACTS

The following statement of facts is taken from the parties' statements of undisputed material facts, the response and reply thereto, and the evidence submitted in support of the statements.

Plaintiff Donald Schier was employed by Defendant Burlington Northern and Santa Fe Railway Company ("BNSF") in the repair shops in West Burlington, Iowa, from August 15, 1977 to October 4, 2000. From 1988 until Schier left BNSF in 2000, his job involved stripping and rebuilding locomotive radiators.

Schier had a history of knee problems that began when he was still in grade school. A series of work-related injuries to his knees began in 1991, when he fell and injured his left knee. He underwent arthroscopic surgery as a result. Then in 1994 he slipped in oil and injured both knees, resulting in three arthroscopic surgeries, one in 1994 and two in 1995. He again injured his left knee in July of 2000 and began treatment for pain. His pain was of sufficient intensity that he filled out a personal injury report and returned to his orthopedic surgeon. In late September 2000, he began suffering pain in his right knee, "almost as bad" as the pain in his left knee.

Prior to October 4, 2000, he told his foreman that he could no longer do his job without help because the work was "destroying" his knees. On October 4, he met with his superiors and officially documented his knee pain by preparing and signing and "Employee Personal Injury/Occupational Illness Report." In that report he wrote: "Left knee was hurt in July, right knee is used more, started to hurt. During October, he sought medical treatment for his right knee, and he underwent another surgery on November 10, 2000.

On August 21, 2001, Schier timely filed a complaint against BNSF alleging violation of the Federal Employers' Liability Act ("FELA") in the United States District Court for the Southern District of Iowa (Case No. 3-01-CV-80107). In that federal case, he alleged that Defendant's actions "caused injury to the Plaintiff's knees which he first became aware of on or after July 19, 2000." A stipulation of voluntary dismissal of the case without prejudice was electronically filed 16 months later, on January 10, 2003.

Plaintiff re-filed his suit in this Court more than one year after the voluntary dismissal, on January 28, 2004. In his latter suit, Plaintiff distinguishes the injuries and pain in his right knee ("On or about October 2000, the Plaintiff sought initial medical treatment for right knee pain.") from those in his left knee ("On or about July 19, 2000, the Plaintiff began experiencing left knee pain while at work."). Defendant has filed a motion for summary judgment, challenging the timeliness of the filing of this litigation.

## DISCUSSION

The sole issue raised in the pending motion is whether the case in this District was timely filed. There are three parts to that issue: was this case filed within the statutory limitations period, as amended if appropriate by the discovery rule, and if it was not, was that limitations period extended by principles of equitable tolling? Of course, these questions must be answerable based on undisputed facts in order for summary judgment to be proper.

FELA expressly states that "no action shall be maintained unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. This action was filed on January 28, 2004. The date of accrual of Plaintiff's claim is therefore crucial to determining the timeliness of this action.

Accrual occurs when "a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." Fries v. Chicago and Northwestern Transp. Co., 909 F.2d 1092, 1095 (7th Cir. 1990); Tolston v. Nat'l Railroad Passenger Co., 102 F.3d 863, 865 (7th Cir. 1996). The reasonableness standard requires "an objective inquiry." Fries, 909 F.2d at 1095. This general principle is referred to as the discovery rule. The parties agree that the discovery rule applies to this case, but disagree as to the outcome of that application. The two Seventh Circuit cases cited above shed light on how the discovery rule operates.

In Fries, a railroad employee claimed that his hearing loss was caused by his employer's insistence that he work near loud industrial equipment without ear protection. In his deposition, he stated that he suspected a hearing loss in 1980 or 1981, 6 or 7 years before filing suit, and that one of his symptoms (ringing in the ears) worsened during the work week but moderated on the weekends when he was home. He did not seek medical attention and was only diagnosed during an unrelated medical evaluation in 1985. The District Court found that his claim accrued in 1981, when he knew of his hearing problem and should reasonably have learned of its cause. Id. at 1094. The Seventh Circuit affirmed, holding that a reasonable person would have investigated the cause of his injury in 1982, six years before filing suit. Id. at 1097. A plaintiff need not know with certainty which of several possible causes is the true governing cause; a plaintiff need only know (or have reason to know) of a potential cause of the injury. Id.. Because there was no investigation by the plaintiff, his delay in filing suit was not reasonable, and the suit was therefore untimely.

The issue was revisited in Tolston, where the plaintiff contended that her job duties at Amtrak had caused severe knee injuries. She had begun working at Amtrak in 1978; her job duties involved climbing, bending, stooping, and some work on her knees. She had several falls during the late 1970s and early 1980s and received medical attention to her knees thereafter. By 1984 or 1985, her

pain was substantial and she was informed that she needed surgical repair. She did not have the surgery. Three or four years later, she was diagnosed with degenerative joint disease. After yet another fall at work, she finally underwent knee surgery on May 1, 1992. She filed a FELA action on April 27, 1995. Before the Seventh Circuit, plaintiff argued that because her injury was degenerative in nature, it was reasonable to assume that her pain and injury stemmed from ordinary wear and tear, not from conditions of employment. The Court of Appeals rejected that argument, reasoning that as early as 1989 she had suffered from pain serious enough to seek and receive medical treatment, reasonable diligence on her part would have allowed her to learn of the likely cause of her condition more than 3 years before she had filed suit. Her suit was untimely.

In the case before this Court, Defendant asserts that Plaintiff's sworn testimony establishes that he was fully aware of his injuries and their governing cause more than 3 years prior to the filing of this action on January 28, 2004. As early as 1991, Mr. Schier suffered several work related injuries to his knees and he obtained medical treatment for those injuries. He experienced pain while performing his job duties. He was aware of injury to his right knee that was work related by July 19, 2000, and to his left knee by October or November of 2000. Asserting that only a jury can resolve the question of when he discovered the cause of his knee injuries has absolutely no basis in the facts that have been presented to the Court.

Based on the factual allegations in the Complaints in this case and in his earlier Iowa case, that filing date is more than three years after Plaintiff's cause of action accrued. This action is therefore time barred, unless the limitations period is extended by the doctrine of equitable tolling.

The doctrine of equitable tolling may allow a plaintiff to sue after expiration of the statute of limitations under certain circumstances. In <u>Burnett v. New York Central R.R. Co.</u>, 380 U.S. 424 (1965), the Supreme Court discussed the doctrine of equitable tolling in the context of a FELA case.

In that case, the plaintiff filed a timely action in Ohio state court for injuries sustained in Indiana. The Ohio court dismissed the case for improper venue. Eight days later (after the FELA limitations period had expired), plaintiff re-filed in federal court. The District dismissed the federal case as time barred, and the Appellate Court affirmed, both rejecting the proposition that the limitations period was tolled while the first action was pending.

The Supreme Court applied equitable tolling, first noting that "the FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years", 380 U.S. at 427, citing Glus v. Brooklyn Eastern Terminal, 359 U.S. 231 (1959). Noting that the "basic inquiry" is whether congressional purpose would be furthered by tolling, the Court found that tolling was appropriate when that purpose would be furthered and when the original action was timely commenced in a court with jurisdiction, when service of process as made on the other party, and that action is dismissed for improper venue. Id. at 427-28.

A significant factor in evaluating congressional purpose is whether a plaintiff has slept on his rights, for where that has happened, the underlying policy of assuring fairness to defendants is violated. Id. at 428. In addition, "the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights." Id. On the other hand, where a plaintiff has somehow been prevented from bringing an action, fairness demands that tolling extend the time for bringing suit. Id. at 428-29.

In this case, I find that application of equitable considerations is not warranted. Unlike the plaintiff in Burnett, supra, who refiled his case eight days after it was dismissed, Plaintiff here delayed the refiling of his case for a year. Nowhere has Plaintiff explained either his prior dismissal or that delay, making it impossible to say that he "was not disinterested," as was said about the Burnett plaintiff. Moreover, it could fairly be said about the Burnett plaintiff that he "felt his state

7

action was sufficient;" that cannot be said about the Plaintiff in this case, who had no pending action in any court, due to his own voluntary dismissal of the earlier litigation. Because Plaintiff slept on his rights, equitable tolling does not extend the limitations period.

Nor can it be said that Plaintiff was somehow prevented from filing his claim. Plaintiff suggests to the contrary, asserting in his statement of undisputed facts that counsel for the parties "discussed the voluntary dismissal prior to the stipulation being filed." Even if that were somehow relevant to equitable considerations (and it is not), Plaintiff has failed to make any argument based on that assertion. Perfunctory and undeveloped arguments are waived. See Finance Investment Co. v. Geberit AG, 165 F.3d 526 (7th Cir. Dec. 23, 1998); Indurante v. Local 705, International Brotherhood of Teamsters, 160 F.3d 364, 366 (7th Cir. 1998); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 668 (7th Cir. 1998), cert. den., 119 S.Ct. 890 (1999).

## CONCLUSION

Because there is nothing in the record of this case that would justify application of the equitable tolling doctrine, I find that this case is barred by the 3 year statute of limitations applicable to FELA claims. The motion for summary judgment [#31] is therefore granted. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff.

ENTERED ON  May 2, 2008.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE